CITY OF BANGOR, Plaintiff,

v.

CITIZENS COMMUNICATIONS
COMPANY, Defendant/Third–
Party Plaintiff,

v.

Barrett Paving Materials, Inc., et
al., Third-party Defendants

No. CIV. 02–183–B–S.

United States District Court,
D. Maine.

Oct. 14, 2004.

W. Scott Laseter, McKenna, Long & Aldridge, Atlanta, GA, William B. Devoe, Eaton Peabody, P. Andrew Hamilton, Eaton Peabody, Bangor, ME, for City of Bangor.

Jay C. Johnson, Mayer, Brown, Rowe & Maw, Washington, DC, Martha C. Gaythwaite, Bruce W. Hepler, Friedman, Gaythwaite, Wolf & Leavitt, Portland, ME, John S. Hahn, Julie Anna Potts, Mayer, Brown, Rowe & Maw, Washington, DC, for Citizens Communications Company.

John P. McVeigh, David B. Van Slyke, Preti, Flaherty, Beliveau, Pachios & Haley, LLC, Portland, ME, for Barrett Paving Materials, Inc.

John H. De Yampert, Jr., U.S. Department of Justice Torts Branch, Civil Division, Washington, DC, Stephen E. Crowley, U.S. Department of Justice, Environmental & Natural Resources Division, Environmental Defense Section, Washington, DC, Michelle T. Delemarre, U.S. Department of Justice, Washington, DC, for U.S. Army Corps of Engineers.

Charles A. Harvey, Jr., Robert S. Frank, Harvey & Frank, Portland, ME, for Dead River Co.

Francis G. Kelleher, Gregory A. Bibler, Goodwin Proctor LLP, Boston, MA, Sean Mahoney, Verrill & Dana, Portland, ME, Robert L. Brennan, Goodwin Proctor LLP, Boston, MA, for Honeywell Intern., Inc.

Douglas A. Grauel, Nelson, Kinder, Mosseau & Saturley, P.C., Manchester, NH, Jay Varon, Foley & Lardner, Washington, DC, E. Tupper Kinder, Nelson, Kinder, Mosseau & Saturley, P.C., Manchester, NH, for UGI Utilities, Inc.

Jeffrey A. Thaler, Bernstein, Shur, Sawyer, & Nelson, Portland, ME, for Beazer East Inc.

Charles T. Wehland, Albert D. Sturtevant, Laura M. Earl, Jones, Day, Chicago, IL, David S. Sherman, Jr, Drummond, Woodsum & Macmahon, Portland, ME, for Centerpoint Energy, Resources Corp.

Kevin M. Cuddy, Cuddy & Lanham, Bangor, ME, for Robinson Speirs, Jr, Julie Ann MacMannis, Nancy S Dawson, Elizabeth H Speirs, Mary S Price, Robinson Speirs.

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE

SINGAL, Chief Judge.

Before the Court is Defendant Citizens Communications Company's Motion to Strike (Docket # 385). Defendant Citizens Communications Company has also filed a request for oral argument on this Motion (Docket # 403) pursuant to Local Rule 7(f). After reviewing the submissions of the parties made in connection with the Motion to Strike, the Court has determined that oral argument is not necessary and, therefore, DENIES Defendant's Motion for Setting of Hearing and Oral Argument (Docket # 403). For the reasons explained below, the Court also DENIES Defendant's Motion to Strike (Docket # 385).

### I. BACKGROUND

Defendant Citizens Communications Company ("Citizens") filed the pending Motion to Strike on July 23, 2004. The Motion challenges the admissibility of the March 3, 2004 Designation of the Bangor Landing Site by the Maine Department of Environmental Protection (the "Designation"). Defendant maintains that this Des-

ignation is inadmissible hearsay and lacks sufficient indicia of trustworthiness to fall within any exception to the hearsay rule. In response, Plaintiff City of Bangor maintains that the Designation falls squarely within the public records exception to the hearsay rule. *See* F.R.E. 803(8).

## A. The Designation

The Designation consists of a seven page report with various attached maps and tables. The Designation deems the Bangor Landing Site an "uncontrolled hazardous substance site" pursuant to Maine's Uncontrolled Hazardous Substances Sites Law, 38 M.R.S.A § 1361 *et seq.* Pursuant to this Maine statute, the Commissioner of the Maine Department of Environmental Protection ("Maine DEP") has the authority to designate any site as an "uncontrolled hazardous substance site." *See* 38 M.R.S.A. § 1364(4). The statute explains that the Commissioner may make such a designation if, after investigation, it is determined that "hazardous substances are or were handled or otherwise came to be located" at the site and that the site "may create a danger to public health or safety of any person or to the environment." 38 M.R.S.A. § 1365(1). In addition to (and often in conjunction with) a designation, the Commissioner may also order that responsible parties "take . . . action to terminate or mitigate the danger or likelihood of danger" caused by the hazardous substances at the site; such an order is commonly referred to as a "cleanup order." *Id.*

On March 3, 2004, the Commissioner issued a designation of the Bangor Landing Site finding that hazardous substances are located in a tar plume within the Penobscot River portion of the Site. The Commissioner concluded that these hazardous substances "pose or potentially pose a threat or hazard to the health of the environment of the State." (Ex. 7 at 6 (attached to Docket # 314).) The Designation details the hazardous materials found in samples taken from the tar plume. At least some, if not all, of the field work done as part of the pre-Designation investigation was completed by a contractor, RMT, Inc., who was paid by the City of Bangor pursuant to a Memorandum of Understanding between Bangor and Maine DEP. (*See* Def.'s Mot. to Strike Ex. 7.)

In addition to finding that the tar plume may present a hazard, the Designation names Citizens as a "responsible party" for the Bangor Landing Site. *See* 38 M.R.S.A. § 1362(2) (defining "responsible party" for purposes of the Maine statute). In fact, the findings of the Commissioner identify Citizens as "the party primarily responsible for the release of hazardous substances and for the associated contamination of the riverbed and of surface water." (Ex. 7 at 6 (attached to Docket # 314).) However, as explained in the text of the Designation, Citizens has not been ordered to take any action to terminate or mitigate the hazard found to be associated with the tar plume. Because the Designation does not include any clean up order, Citizens has not been able to appeal any of the findings contained in the Designation. *See* 38 M.R.S.A. § 1365(4).

## B. The Pending Motion to Strike

Defendant was apparently prompted to file its Motion to Strike after reading footnote four of the July 6, 2004 Recommended Decision on the City of Bangor's Motion for Partial Summary Judgment (Docket # 380). In that footnote, the Magistrate Judge noted that, at oral argument on the motions for summary judgment, Defendant had belatedly objected to Bangor's reliance on the Designation in support of Bangor's motion for partial

summary judgment. The Magistrate Judge refused to sustain this belated hearsay objection, which Defendant had not included in its written response to Bangor's motion for partial summary judgment. Rather, the Magistrate Judge relied on the Designation to conclude that the City of Bangor was entitled to a finding as a matter of law "that the tar slick in Dunnett's Cove may present an imminent and substantial endangerment to health and the environment." (*See* Rec. Decision (Docket # 380) at 9.)

## II. DISCUSSION

Defendant now seeks to exclude the Designation as evidence in any proceedings in this case. Defendant's sole asserted basis for excluding the Designation in its entirety is hearsay.

In light of the timing of the Motion to Strike, the Court will consider Defendant's Motion in two procedural contexts: first, as a timely motion in limine seeking an evidentiary ruling prior to trial; and second, as a belated evidentiary challenge to the Court's reliance on the Designation in resolving Bangor's motion for partial summary judgment.

### A. The Admissibility of the Designation at Trial

■ In relevant part, the public records exception to the hearsay rule allows for admission of "reports ... setting forth ... factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate a lack of trustworthiness." F.R.E. 803(8)(C). The Designation in this case undoubtedly satisfies the prima facie elements for admission under this subsection; namely, it is a report of a public agency that sets forth findings of an investigation, which was completed pursuant to a Maine statute.

Thus, it is Citizens' burden to make a showing of untrustworthiness that warrants exclusion of the entire Designation. *See, e.g., United States v. Davis,* 826 F.Supp. 617, 622 (D.R.I.1993); *see also O'Dell v. Hercules, Inc.,* 904 F.2d 1194, 1204 (8th Cir.1990) ("[O]nce a report is conclusively shown to be governed by Rule 803(8)(C) because it is comprised of findings of a public agency made pursuant to an investigation authorized by law, the essential inquiry becomes whether the report is trustworthy.").

■ In short, having reviewed all of the exhibits submitted in connection with the Motion to Strike as well as the Deposition of Kathy Niziolek, the Maine DEP Project Manager for the Bangor Landing Site, the Court finds that Citizens has not met its burden and shown that the Designation should be excluded in its entirety due to untrustworthiness.

In reaching this conclusion, the Court has considered any evidence submitted that reflects on "the timeliness of the investigation," "the investigator's skill or experience," "whether a hearing was held," and "possible bias" in light of any evidence that the report was prepared "with a view to possible litigation." *See Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 167 n. 11, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988) (summarizing the "nonexclusive list of four factors" endorsed in the Advisory Committee notes to F.R.E. 803(8)). More specifically, the Court has also considered the evidence relating to the relationship and interaction between Maine DEP and Plaintiff City of Bangor prior to the issuance of the Designation and what influence, if any, that interaction had on the findings contained in the evaluation.

Undoubtedly, Defendant's summary and characterization of the evidence provided in support of its motion certainly suggest that the Designation may be the product of

a biased, incomplete and unfinished investigation, especially with respect to the Designation's finding that Citizens is "primarily responsible for release of hazardous substances." However, once the Defendant's "spin" on the evidence is subtracted, the Designation, as a whole, appears to be a public report produced by an unbiased agency that is genuinely working to fulfill its duties under the Maine Uncontrolled Hazardous Substances Sites Law, 38 M.R.S.A § 1361 *et seq.* Defendant's attempt to characterize the Designation as simply the work product of the City of Bangor that was rubber stamped by the Maine DEP is not born out by the evidence presented to the Court. Under these circumstances, it would be improper for this Court to exclude the Designation in its entirety by striking it from the record.

Rather, the Court believes that the best course is to allow Defendant to present any evidence that may impinge on the credibility of the Designation at trial. *See Beech Aircraft,* 488 U.S. at 168, 109 S.Ct. 439 (describing "the opponent's right to present evidence tending to contradict or diminish the weight of [any] conclusions [contained in a public record]" as "the ultimate safeguard"). In light of all the evidence presented, the finder of fact may then decide what weight to give the Designation on any particular issue. In addition, Defendant also remains free to seek the exclusion of particular portions of the Designation that it believes are either untrustworthy, irrelevant, or unduly prejudicial. *See id.* at 167–68, 109 S.Ct. 439; *see*

*also Lubanski v. Coleco Indus., Inc.,* 929 F.2d 42, 45 (1st Cir.1991).

Following this Court's standard practice, this pretrial ruling on a motion seeking to exclude certain pieces of evidence is a preliminary ruling that allows the parties to plan accordingly for trial. Defendant is free to renew its hearsay objection to the Designation or raise any additional objections to any portion of the Designation during trial.

**B. The Court's Reliance on the Designation in Connection with Resolving Plaintiff's Motion for Partial Summary Judgment**

Given the Court's conclusion that the Designation falls within the public records exception, it is clear that the Recommended Decision's reliance on the Designation is not problematic. *Cf. Vazquez v. Lopez–Rosario,* 134 F.3d 28, 33 (1st Cir. 1998) ("Evidence that is inadmissible at trial, such as inadmissible hearsay, may not be considered on summary judgment.") (citations omitted).

However, the Court also notes that none of the evidence submitted in connection with the pending Motion to Strike creates a genuine issue of fact with respect to the finding "that the tar slick in Dunnett's Cove may present an imminent and substantial endangerment to health and the environment."[1] (*See* Rec. Decision (Docket # 380) at 9.) Faced with Bangor's motion for partial summary judgment and its supporting statement of material facts, Defendant's burden was to present some evidence from which a reasonable jury might

1. Rather, it appears that the evidence collected by Defendant via depositions and documents focuses on creating a genuine issue as to the Designation's finding that Citizens is a responsible party as well as the Designation's conclusion that Citizens is "primarily responsible" for the tar slick. To the extent that responsibility for the tar slick remains an issue that will be resolved at trial, Defendant is free to move to exclude these portions of the Designation upon showing that they are untrustworthy or otherwise excludable under the Federal Rules of Evidence.

be able to find in its favor on this issue. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (explaining that an issue is "genuine" for purposes of summary judgment "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). In other words, Defendant needed to present to the Court evidence from which a reasonable jury could conclude that the tar slick in Dunnett's Cove may *not* present an imminent and substantial endangerment to health and the environment. Even Defendant's belated submissions via the Motion to Strike do not meet this mark.

Thus, even having considered Defendant's Motion to Strike and accompanying exhibits, the Court agrees with and adopts the Recommend Decision's finding as a matter of law that the tar slick may present an imminent and substantial endangerment. In light of this conclusion, the Court need not reach Plaintiff's otherwise valid challenge to Defendant's Motion to Strike on the grounds that it represents an improper and belated attempt "to have another bite at the Rule 56 apple." (City's Obj. to Citizen's Mot. to Strike (Docket # 400) at 3.)

## III. CONCLUSION

For the reasons just explained, Defendant's Motion to Strike (Docket # 385) is DENIED. To the extent the Court has treated Defendant's Motion as a pre-trial motion in limine, the Motion is DENIED WITHOUT PREJUDICE to the Defendant renewing its objection to any portion of the Designation at trial.

SO ORDERED.